```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,

vs.                                  Case No. 2:11-cv-230-FtM-29DNF

TRACT J03-70, 0.50 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, ROBERT L. SMART, ET AL.,

                      Defendants.
_____
```

**OPINION AND ORDER**

This matter came before the Court on October 2, 2012, for a bench trial on the matter of just compensation. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or claimant appeared for trial in this case.

The Court heard testimony from John Rivers Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc., where Mr. Underwood has been working as an appraiser and supervisor of other appraisers since starting the company in 1983. Mr. Underwood testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his career in 1971, as an appraiser working for First Federal Savings & Loan of Lake Worth, Florida, and eventually started his own firm in 1983. Mr. Underwood took all required courses for his professional designations. Mr. Underwood received his MAI

designation in 1981 from the Appraisal Institute, which requires 100 hours of continuing education every 5 years.  Mr. Underwood also received his SRA designation in 1979, from the Society of Real Estate Appraisers.  Mr. Underwood has taught classes and has been on the faculty of the Appraisal Institute since the early 1980s.  Mr. Underwood has previously testified as an expert witness approximately 200 times, and 70-75 times in condemnation proceedings.

Mr. Underwood personally inspected the subject properties by airboat with Park Rangers and Mr. Richmond, the surveyor.  Mr. Underwood testified as to the common characteristics of the land as: (1) flooded continuously; (2) having native and cypress vegetation; (3) vacant; and (4) being accessible only by airboat or helicopter.  To determine market value, Mr. Underwood used a sales comparison approach by comparing public record sales and the property appraiser's website.  Mr. Underwood testified that the subject tract has the highest and best use of passive recreational.  Mr. Underwood concluded that the fair market value for this particular tract of land is $1,500.00 per acre.

The Court also heard testimony from James Stanley Richmond, a registered land surveyor.  Mr. Richmond has been self-employed and licensed by the State of Florida since June 1984, and has been working as a land surveyor since 1969.  Mr. Richmond has previously testified as an expert.  Mr. Richmond has done numerous surveys for the Big Cypress park, and well over 1000 surveys in other preserve lands in

the State of Florida.  Mr. Richmond conducted a survey of the subject tract of land in 1997, and recently updated the survey to determine if there were any camps.  Mr. Richmond personally viewed the land to verify that there was no camp on the parcel of land, and found that the land was vacant.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1.  The Plaintiff has the right to condemn the subject property for the public purpose set forth in the Complaint in Condemnation.

2.  Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre**, for a total value of **$750.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject property.

3.  Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order.  The Clerk shall administratively close the file pending the entry of final judgment.

4.  On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property.  Upon making such deposit, Plaintiff will timely

notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court, and after consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court when this case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of October, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Parties of record

Intake
Finance